IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILL-DRILL RESOURCES, INC.                                                                           PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 2:06cv64-KS-MTP

J. R. POUNDS, INC., et al.                                                                       DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the court on *Defendants' Motion and Amended Motions to Quash Subpoenas and for Protective Order* [126][132][133], and on the plaintiff's *Motion for Protective Order, For Sanctions, and For Expedited Hearing* [152] and the court having considered the motion, the submissions of the parties, and being otherwise fully advised in the premises, finds that the Defendants' motions [126][132][133] should be GRANTED IN PART and DENIED IN PART and Plaintiff's motion [152] should be DENIED.

**Background**

This matter involves the rights of the parties with respect to oil, gas and mineral leases that cover the gas production unit for the J.R. Pounds, Inc-Rogers Well (hereafter "Rogers Well"). Plaintiff Will-Drill Resources, Inc. seeks a declaration that the leases have expired and that the rights of the defendants under those leases were terminated as a result. Plaintiff also seeks a monetary judgement against the defendants for any proceeds they have received from the Rogers Well after the date of the alleged termination of the leases.

On January 16, 2007, Will-Drill filed a notice that it had served subpoenas on thirteen[1] (13) separate entities or businesses, but did not immediately forward copies of the subpoenas to

---

[1] A fourteenth subpoena was served a short time thereafter. *Motion for Protective Order, For Sanctions, and For Expedited Hearing* [152], ¶ 2.

counsel for the defendants [121].  The subpoenas demanded production of the following records on or before January 25, 2007, at 11:00 a.m. :  "Any and all documents including, but not limited to, shipping records, invoices, billing statements, product descriptions, delivery/receipt records, purchase records, tracking records, job proposals, job estimates, contracts, agreements, and/or any other documents relating to work performed, work proposed, items shipped, delivered, and/or billed by, for, or to J.R. Pounds, Inc., Jim Pounds, J.R. Pounds, or Robert Thomsen from May 2, 2002, through August 31, 2004."

Defendants notified the plaintiffs that they objected to the production of records other than those involving the Rogers Well.  Plaintiffs declined to limit the subpoenas to the Rogers Well thereby resulting in the instant motions.

Some of the parties who were served with a subpoena filed objections [127],[128],[129],[130],[131], claiming that responding to the subpoenas was burdensome and time consuming.  The wording of these objections indicates that these objectors communicated with J. R. Pounds, Inc, Jim Pounds, Robert Thomsen or their representatives or attorneys as each of the objectors states that they "understand that [defendants] object to our production of documents that do not pertain to the Rogers Well 28-11 No. 1."[2]  Moreover, it is apparent that the defendants communicated with the objectors regarding the possible preparation and filing of objections to the subpoenas.[3]

Arguing that the defendants interfered with the subpoena process, plaintiffs filed a Motion for a Protective Order, for Sanctions and for Expedited Hearing [152].  The motion

---

[2]Objections to Subpoena [127],[128],[129],[130],[131].

[3]In their Response To Will-Drill's Motion For Protective Order, Sanctions, and An Expedited Hearing [157], Defendants candidly outline their participation in the process: "As a courtesy to the service companies, Defendants' attorneys prepared a form of objection that the service companies could use if they elected to do so.  Pounds relayed this information to most of the service companies.  Defendants' attorneys forwarded the form objection to Pounds who then provided to the service companies.  Some of the service companies elected to sign the given objection, and some of them decided not to do so." Response [157], ¶ 6.

requests the court to enter an order "directing the Pounds Defendants to refrain from any further interference with the subpoena power of the court" and to order the production of the subpoenaed documents.  Plaintiff's Motion [152], at 6.  The motion further demands that the court impose sanctions and schedule an immediate hearing.

**Standing**

Initially, the court must address defendants' standing to oppose a subpoena issued to a third party.  The Fifth Circuit has held that a party does not have standing to oppose a subpoena since the party is "not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  However, the defendants here do assert a personal right or privilege with respect to the documents at issue.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure permits a motion for a protective order to be brought "by a party or by the person form whom discovery is sought... for good cause shown...."  "A motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court." *Wilson v. Scruggs*, No. Civ. A. 3:02CV525LN, 2003 WL 23521358 (S.D. Miss. April 10, 2003).  Instead, the motion seeks to place reasonable limits on the discovery process.  As defendants do have standing to bring a motion for protective order and have moved for a protective order, the court will treat the defendants' motion solely as a motion for protective order and will address the issues raised in it.  *Id. See Williams v. Weems Community Mental Health Center*, No. Civ. A. 4:04CV179LR, 2006 WL 905955 (S.D. Miss. April 7, 2006).[4]

---

[4]Defendants have also claimed that the subpoenas create an undue burden on those third parties who received the subpoenas and who are directed to produce records.  Defendants' standing to argue the point for others is also challenged by plaintiffs.  Addressing only the motion for a protective order, the court does not reach this issue.

**Service of the Subpoenas**

The court having elected to address the motion as a motion for a protective order, defendants' complaints regarding the service of the subpoenas are now largely irrelevant. However, the court will address the issue in summary fashion. Rule 45 of the Federal Rules of Civil Procedure clearly provides that "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Rule 5(b)(1) directs that represented parties shall be served by serving their attorneys.

Plaintiff argues that it complied with the rule by filing a notice of service of subpoena and that it need not provide the defendants with a copy of the subpoena itself. Plaintiff's Response [153], ¶ 8. The court is unpersuaded by this argument. "Rule 45(b)(1) expressly requires that notice of a subpoena duces tecum be given to all parties, and the Official Comment to the rule states that the 'purpose of such notice is to afford other parties an opportunity to object to the production or inspection.' Fed . R. Civ. P. 45(b)(1) & Advisory Committee note to the 1991 Amendment, subdivision (b)." *Westside-Marrero Jeep Eagle, Inc. V. Chrysler Corp.*, No. Civ. A. 97-3012, 1998 WL 186705, at *7 (E.D. La. April 17, 1998). Failure to serve a copy of a subpoena upon an opposing party or to give notice of its content deprives that party of any meaningful right to object or to otherwise protect its interests. The defendants first learned of the substance of the subpoenas, i.e., what documents were requested, upon contacts with third parties who received the subpoenas.

"A party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(b)(1), has been held to substantiate a decision to quash the subpoena." *Williams v. Weems Community Mental Health Center*, No. Civ. A. 4:04CV179LR, 2006 WL 905955 (S.D. Miss. April 7, 2006) *citing Butler v. Biocore Med. Tech., Inc.*, 348 F.3d 1163,1173 (10th Cir. 2003); *Firefighter's Inst. For Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *In re Letter Rogatory*, 16 F.3d 1016, 1020 n. 4 (9th Cir. 1994). However, the court declines to quash

the subpoenas on this ground but will, as explained below, limit the scope of the subpoenas.

**Scope of Subpoenas**

In moving for a protective order, defendants ask the court to limit the subpoenas to those documents relating only to the Rogers Well.  They argue that documents related to other wells or transactions are not "relevant to the claim or defense of any party" and, therefore, fall outside of the scope of discovery. Motion [133], at ¶ 10,11,and 12.

Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Rule 26 (b).  *Hussey v State Farm Lloyds Ins. Co.,* 216 F.R.D. 591, 596 (E.D. Tex. 2003)*;* 9A Wright &Miller, *Federal Practice & Procedure: Civil* 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).") Indeed, there is no practical reason to apply a different rule simply because plaintiff chooses to obtain information about the defendants from third parties via subpoenas rather than by a document request directed to the defendants.

Focusing instead on defendants' standing to object and indignant about defendants' communication with the third parties who received the subpoenas, the plaintiffs do not squarely address the motion for protective order.  Plaintiff does not explain how its requests for records other than those involving the Rogers Well are relevant to the claims, issues, or defenses raised in this matter, or are otherwise calculated to lead to the discovery of admissible evidence.

Defendants argue that the subpoenas go far beyond requesting records and documents for the well at issue, and could conceivably involve more than fifty (50) wells, none of which are involved in this case.[5]  Plaintiffs make no effort to demonstrate why such broad production is required.   Accordingly, the court finds good cause for granting a protective order limiting the discovery sought by the subpoenas only to records relating to the Rogers Well.

---

[5]*See* Defendants' Amended Motion To Quash Subpoenas And For Protective Order [133], Exhibit 4*, Affidavit of J.R. Pounds, Jr.*

**Sanctions**

Plaintiff argues that defendants "directly interfered with the court's ability to rule on the subpoenas" and demands that sanctions be imposed. Motion [152], ¶ 11. However, the court finds that sanctions are not warranted. Defendants' actions in no way affected the court's ability to rule on the validity of the subpoenas. Defendants promptly filed motions to quash the subpoenas and for a protective order and the court has found considerable merit in their position. Defendants have outlined in detail what actions they took in response to the subpoenas and the court does not find any of these actions to be an affront to its ability to enforce process issued by the court.[6]

The court having addressed the issues concerning the subpoenas, plaintiff's motion for protective order is moot. Additionally, while plaintiff has requested a hearing in this matter, the court finds the parties' submissions to be thorough and complete and, consequently, a hearing is not indicated.

IT IS, THEREFORE, ORDERED AND ADJUDGED as follows:

1. Defendants' Motion and Amended Motions to Quash Subpoenas and for Protective Order [126], [132], [133] are granted in part and denied in part. Those third parties who received the subpoenas at issue need only to produce those documents or records relating to the Rogers Well;

2. Plaintiff's Motion for Protective Order, for Sanctions and for Expedited Hearing [152] is denied.

SO ORDERED, the 23rd day of February, 2007.

s/ Michael T. Parker
United States Magistrate Judge

---

[6] See Response [157], Exhibit A *Affidavit of J.R. Pounds, Jr.*